UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk, #295567, ) | C/A No. 3:06-1125-SB-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| S.C.D.C. Employees Cpt. C. Miller; ) | Report and Recommendation |
| Lt. Hardwell; Major Nesmith; ) | |
| Warden Faulkenberry; ) | |
| Associate Warden Beckwith; ) | |
| D.H.O. Officer A. Sellers; ) | |
| Sgt. Collins; Sgt. Mackey; and ) | |
| Sgt. Ms. Miller, S. Hardin, Grievance ) | |
| Coordinator, ) | |
| ) | |
| Defendants. ) | |

The plaintiff Shaheen Cabbagestalk, ("Plaintiff") proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Kershaw Correctional Institution, and filed this action without prepayment of the filing fee under 28 U.S.C. § 1915. The complaint names government officers and/or employees as defendants.[2] The complaint should be dismissed without prejudice.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

28 U.S.C. § 1915A; and the Prison Litigation Reform Act of 1995. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319.

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Gordon v. Leeke, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 495 U.S. 5. Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## Discussion

On March 17, 2006, Plaintiff was in line to see medical personnel when he was asked for his identification card. In the incident report, Defendant Lt. Harwell stated Plaintiff refused to follow directives regarding his I.D. card and she unsnapped her container of mace. She stated Plaintiff threatened to harm her if she used the mace on him. Plaintiff alleges he cooperated and that another inmate had made the threatening statement. Following a disciplinary hearing, Plaintiff was sanctioned and lost sixty (60) good time days. Originally, he was scheduled to max out in June 2006. However, with the imposition of this sanction, he is now scheduled to max out August 14, 2006.

In his complaint, Plaintiff alleges he was improperly disciplined and "unprofessionally sentenced" in the disciplinary proceeding. He also alleges the conditions for the seven hours he was placed in SMU were unsanitary because there was "no toilet, no water, with no lunch, or no shoes . . . and no where to sit but on dirty floor . . ." Further, he alleges he developed a foot fungus while in SMU. He also alleges he was placed in a freshly painted cell and subjected to paint fumes which caused him headaches, nausea, and chest pains. Finally, he alleges he is not being served the diet which his religion requires. He seeks immediate release to his family, damages for the time he was in SMU and for pain and suffering, and the dismissal of the disciplinary sanction. He also wants to be moved to another correctional institution where he would feel safer and be closer to home.

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. 42 U.S.C. § 1997e(a). Specifically, § 1997e(a) states, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner

confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." Furthermore, the PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ Corr. Health Serv., 407 F.3d 674, 676-77 (4th Cir. 2005)(*citing* Porter v. Nussle, 534 U.S. 516, 524 (2002)). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, if the lack of exhaustion is apparent from the face of the prisoner's complaint, sua sponte dismissal prior to service of the complaint is appropriate. Id. at 683. Plaintiff has included a copy of a grievance which he filed regarding only the disciplinary proceeding. He does not refer to any other grievances. Accordingly, because most of Plaintiff's claims were not raised in a grievance proceeding, these claims are not exhausted and should be dismissed.

The only claim which Plaintiff has raised in a grievance is the one relating to the disciplinary proceeding.[3] However, a civil rights action under § 1983 is the appropriate vehicle to challenge the conditions of confinement, not the fact or length of the confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). In order to challenge the fact or duration of his confinement, a state prisoner must seek federal habeas corpus relief or the appropriate state relief. Wilkinson v. Dotson, 544 U.S. 74 (2005). Further, when a state prisoner seeks damages in a § 1983 suit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Young v. Nickols, 413 F.3d 416 (4th Cir. 2005)(*citing* Wilkinson).

---

[3]Furthermore, an appeal of the disciplinary proceeding was still pending as of April 11, 2006.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case ***without prejudice*** and without issuance and service of process. See Denton, 504 U.S. at 31; Neitzke, 490 U.S. 319; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *; Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74;  28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  **The plaintiff's attention is directed to the notice on the following page.**

                                            Respectfully Submitted,

                                            s/Joseph R. McCrorey
                                            United States Magistrate Judge

June 7, 2006
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The Serious Consequences of a Failure to Do So**

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**