IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk, #295567, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C/A No. 3:06-1125-SB-JRM ) |
| S.C.D.C. Employees Cpt. C. Miller; Lt. Hardwell; Major Nesmith; Warden Faulkenberry Associate Warden Beckwith; D.H.O Officer A. Sellers; Sgt. Collins; Sgt. Mackey; and Sgt. Ms. Miller, S. Hardin, Grievance Coordinator, | ) ) ) **ORDER** ) ) ) ) ) ) |
| Defendants. | ) ) |



This matter is before the court upon Plaintiff Shaheen Cabbagestalk's ("Cabbagestalk" or "Plaintiff") objections to the Magistrate Judge's recommendation that this Court dismiss Cabbagestalk's § 1983 complaint without prejudice and without issuance and service of process. The record contains a report and recommendation of a United States Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On June 14, 2006, Cabbagestalk timely filed objections to the R&R.

## BACKGROUND

On April 11, 2006, Plaintiff Cabbagestalk, proceeding *pro se*, filed the present § 1983 complaint against certain employees of the Kershaw County Correctional Institution ("KCCI"), the South Carolina Department of Corrections ("SCDC") facility where the

Plaintiff was confined at all times relevant to his complaint.[1] In his complaint, the Plaintiff makes numerous allegations against the Defendants, ranging from claims of cruel and unusual punishment related to his being placed in a holding cell for seven hours without food, water, toilet, or shoes to claims of not being served the diet required by the Rastafarian religion. The Plaintiff states that he filed a grievance concerning the issues raised in his complaint. However, when asked whether he received a final agency determination concerning this matter, the Plaintiff answered no. Lastly, throughout his complaint, the Plaintiff requests damages for his pain and suffering and reimbursement for his time spent in the holding cell under allegedly improper sanctions.

## STANDARD OF REVIEW



This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id. After a review of the entire record, the R&R, and Cabbagestalk's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R in whole and incorporates it by specific reference into this Order.

---

[1] The longstanding practice is to construe *pro se* complaints liberally. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

## DISCUSSION

I.  **Exhaustion of Remedies**

"As a general rule, plaintiffs proceeding under § 1983 need not exhaust state administrative remedies before filing suit. The PLRA, however, reversed that rule as to prison-condition lawsuits." Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 676 (4th Cir. 2005) (citing Porter v. Nussle, 534 U.S. 516, 523 (2002); Patsy v. Bd. of Regents, 457 U.S. 496, 516 (1982), and 42 U.S.C.A. § 1997e(a)). Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1994 ed., Supp. V). "There is no doubt that the PLRA's exhaustion requirement is mandatory." Anderson, 407 F.3d at 677 (citing Porter, 534 U.S. at 524). "All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when a prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter, 534 U.S. at 524; see also Booth v. Churner, 532 U.S. 731, 734, 739 (2001) (requiring exhaustion of Eighth Amendment claim for money damages despite the fact that money damages were not available under the state's administrative grievance scheme).

Although exhaustion is a prerequisite to suit, it is not a pleading requirement. Anderson, 407 F.3d at 677. Thus, the plaintiff need not allege exhaustion of remedies in his

complaint, but rather, failure to exhaust is an affirmative defense. Id. However, as the court stated in Anderson, the "determination that failure-to-exhaust is an affirmative defense does not foreclose in all cases the possibility of a *sua sponte* dismissal on exhaustion grounds." Id. at 681. Thus, in cases where a complaint clearly shows that an inmate has not exhausted his administrative remedies, *sua sponte* dismissal is appropriate. Id. at 682.

Here, with respect to the Plaintiff's prison-condition claims, it is clear from the complaint that the Plaintiff has not exhausted his administrative remedies as required. First, the Plaintiff states in his complaint that he filed a grievance but did not receive a final determination. However, a review of the record indicates that this grievance, a copy of which the Plaintiff attached to his complaint, concerns *only* the disciplinary proceeding against the Plaintiff, which resulted in the loss of 60 good-time days and, in turn, a prolonged sentence. Notably, this grievance makes no mention of the myriad other prison-condition  claims present in his complaint. Thus, this grievance can in no way constitute exhaustion of remedies with respect to the Plaintiff's many prison-condition claims. Second, not only does the Plaintiff's filed grievance not concern the prison-condition claims present in his complaint, but also, the numerous "requests to staff" forms, copies of which the Plaintiff attached to his complaint, likewise do not concern the Plaintiff's prison-condition claims. Ultimately, in the absence of any attempt to exhaust administrative remedies with respect to the Plaintiff's myriad prison-condition claims, the Court agrees with the Magistrate Judge that these claims should be dismissed without prejudice.

Furthermore, even though the Plaintiff filed a grievance regarding the allegedly improper sanction (the loss of 60 good-time days), which resulted from the disciplinary proceeding against him, it appears that he likewise failed to exhaust his administrative remedies with respect to this claim, as an appeal of the disciplinary proceeding was still pending during the pendency of this suit. Regardless, as the Magistrate Judge points out in his R&R, a § 1983 action is the proper vehicle to challenge the conditions of confinement, *not* the fact or length of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). Thus, to the extent that the Plaintiff challenges the fact or length of his confinement, the Court agrees with the Magistrate Judge that such challenge is cognizable only in habeas corpus relief and not in a § 1983 complaint.

## II.   The Plaintiff's Objections

Despite the Magistrate Judge's instruction to the Plaintiff regarding the serious consequences of the failure to file specific, written objections to the R&R, it is fair to say that the Plaintiff's response to the R&R does not contain any specific objections to the R&R. Rather, the Plaintiff's response to the R&R merely rehashes, albeit incoherently, many of the same allegations raised in his complaint. Additionally, the Plaintiff raises new claims regarding an injury to his thumb. Ultimately, even though the Plaintiff is a *pro se* litigant, whose pleadings must be construed liberally, the Court is not required to ignore his failure

5

to make specific objections to the R&R, and therefore, the Court finds the Plaintiff's objections without merit and undeserving of further consideration.

### III.    Request for Court-Appointed Counsel

In addition to rehashing previously rejected arguments and even raising new claims regarding his thumb, the Plaintiff also requests the appointment of counsel in his response to the R&R. However, "it is well settled that there is no right to the appointment of counsel in an action brought pursuant to 42 U.S.C. § 1983." Joe v. Funderburk, 2006 WL 2707011, *4 (D.S.C. Sept. 18, 2006) (citing Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975)). And although the courts have the authority to appoint counsel for indigent defendants in civil cases, see 28 U.S.C. § 1915(e), courts should only exercise this authority in "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).



Here, the Plaintiff requests counsel for the first time in light of the Magistrate Judge's recommendation that the Court dismiss the Plaintiff's complaint without prejudice and without issuance of service of process. However, nothing in the record suggests that "exceptional circumstances" warrant the appointment of counsel. Moreover, the Court finds that the Plaintiff is not prejudiced by any lack of counsel at this juncture, as his complaint is subject to summary dismissal for failure to exhaust his administrative remedies, and the Court dismisses his complaint *without* prejudice. Accordingly, the Court denies the Plaintiff's request for court-appointed counsel.

## CONCLUSION

For the reasons stated herein, the Court hereby adopts the R&R as the Order of the Court and ORDERS that the Plaintiff's complaint is DISMISSED without prejudice and without issuance and service of process. Additionally, the Plaintiff's motion for court-appointed counsel is DENIED.

IT IS SO ORDERED.

The Honorable Sol Blatt Jr.
Senior United States District Judge

January **12**, 2007
Charleston, South Carolina



## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Federal Rules of Appellate Procedure 3 and 4. *See* Fed. R. App. P. 3-4.